FILED
2026 Sep-08 AM 10:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

**JAMES HURLEY, JR.,**
Plaintiff,

**v.**

**GORBEL, INC., *et al.*,**
Defendants.

**Case No. 4:25-cv-806-CLM**

## MEMORANDUM OPINION AND ORDER

Pro se Plaintiff James Hurley, Jr. sues his former employer Gorbel, Inc. and Gorbel employees Brian Reh, Anthony Whitley, Chris Gosch, Jeffrey Carey, Jeremy Wilson, and Anthony Murray. (Doc. 5). Defendants move to dismiss Hurley's amended complaint. (Docs. 11 & 12). Hurley moves for the court to strike the motions to dismiss (doc. 17), require all proceedings be held in open court (doc. 22), and grant him a preliminary injunction that would prevent Defendants from retaliating against Hurley's witnesses (doc. 26).

For the reasons stated within, the court **DENIES AS MOOT** Hurley's motion to strike (doc. 17) and **GRANTS** Defendants' motions to dismiss (docs. 11 & 12). The court **DENIES AS PREMATURE** Hurley's request that all proceedings be held in open court (doc. 22) and **DENIES** Hurley's motion for preliminary injunction (doc. 26). The court **DISMISSES** Hurley's amended complaint (doc. 5) **WITHOUT PREJUDICE**. Hurley has until on or before **September 29, 2026,** to amend his complaint as instructed in this order.

## BACKGROUND

Hurley is defending against motions to dismiss, so the court takes his pleaded facts as true. *Crowder v. Delta Air Lines, Inc.*, 963 F.3d 1197, 1202 (11th Cir. 2020). And because Hurley is proceeding pro se, the court liberally construes the allegations in his amended complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### A. Hurley's EEOC Charge

Before Hurley filed this lawsuit, he filed an EEOC charge. (Doc. 5, pp. 11–12). According to the EEOC charge, Hurley was hired by Gorbel in March 2024 as a Machine Operator. (*Id.*, p. 11). Carey was Hurley's immediate supervisor. (*Id.*). In April 2024, Hurley submitted a written statement to Carey in support of a co-worker who Hurley believed was discharged based on race. (*Id.*). That same month, Carey verbally counseled Hurley for a comment he made about wanting to "be in the company of a pretty girl" when he died. (*Id.*).

On July 18, 2024, Hurley suffered an on-the-job injury, received medical treatment, and was taken off work while he received further treatment from his physician and a specialist. (*Id.*). Before his injury, Hurley reported unsafe work conditions to Gorbel's president, managers, and supervisors but nothing was done. (*Id.*).

On July 26, 2024, Hurley submitted medical documentation requesting a return to work in a sedentary position. (*Id.*). About a week later, Hurley supplemented this request with further medical documentation and requested a return to work on light duty. (*Id.*). Both requests were denied although another employee had been approved for light duty return to work following an injury. (*Id.*).

Around mid-August 2024, Whitley, a Human Resources employee, questioned Hurley about an alleged inappropriate comment about Supervisor Piney. (*Id.*, p. 12). About a month later, Whitley terminated Hurley's employment and Gorbel failed to pay Hurley his accrued vacation time. (*Id.*). After filing for unemployment, Hurley learned that Gorbel had fired him for allegedly making an inappropriate comment about an employee based on his sexual identity. (*Id.*). But Hurley asserts that he often complained about employees making inappropriate comments of a sexual or homosexual nature and that those employees weren't ever disciplined. (*Id.*). So Hurley told the EEOC that he believed he had been discriminated and retaliated against in violation of the Americans with Disabilities Act.

### B. Hurley's Claims

Hurley's amended complaint asserts six claims. Claim #1 alleges that "Defendants have discriminated against plaintiff under the ADA and racial reasons due to the fact plaintiff is interracially married." (*Id.*, p. 1). In support of this claim, Hurley says that this discrimination includes refusing to make reasonable accommodations, harassing and retaliating against Hurley up to and including unlawful termination, denying Hurley's unemployment claim, and causing Hurley to suffer intentional physical injury. (*Id.*).

Claim #2 asserts that Defendants intentionally caused Hurley's workplace injury, which will require a long period of rehabilitation. (*Id.*, p. 2). Claim #3 contends that Defendants wrongfully terminated Hurley in retaliation for telling Whitley that he intended to sue Gorbel and the individual Defendants for his injuries and complaining that Gorbel mistreated disabled employees. (*Id.*). Within this claim, Hurley also says that Gorbel terminated his employment because he had spoken to other employees about forming a union, complained about Gorbel's 401(k) and failure to comply with OSHA's requirements, and requested a service/support cat to help decrease his anxiety and hepatic encephalopathy. (*Id.*). Claim #4 accuses Whitley, Reh, and Gosch of stealing Hurley's unpaid wages by not paying Hurley his accrued vacation time at termination. (*Id.*, p. 3).

Claim #5 brings a breach of implied contract claim based on Hurley's assertion that during his job interview Gosch promised Hurley that after a 90-day probationary period Hurley should start making around $24 to $25 per hour. (*Id.*). According to Hurley, his actual pay was around $22.23 an hour. (*See id.*, pp. 3–4). Finally, Claim #6 is another wrongful termination claim. (*Id.*, p. 4). According to Hurley, "[t]his claim covers anything wrongful termination related but is excluded from the EEOC, ADA . . . ." (*Id.*).

### C. Hurley's Charges

Hurley's complaint also alleges nine charges. (*Id.*, pp. 5–9). It is unclear whether these charges are meant to provide the factual allegations that support Hurley's claims or if they are new claims that Hurley seeks to bring against Defendants. For example, Charge #7 appears to supply facts to support Hurley's breach of implied contract claim brought in Claim #5. According to

that charge, Hurley "produced top quality work as he said he would," so he expected Defendants "to honor their contract and raise his pay to 24–25 an hour." (*Id.*, p. 8). But "Defendants breached this implied contract by issuing a 23 cent an hour raise not even enough for a happy meal." (*Id.*).

Charge #8, however, alleges that Hurley was subjected to sexual harassment even though none of Hurley's six claims assert a claim of sexual harassment. (*See id.*, pp. 8–9). And Charges #2–4 describe reasonable accommodation requests that weren't discussed in any of Hurley's claims. (*Id.*, pp. 5–7).

## DISCUSSION

Below, the court addresses each of the parties' pending motions in turn, starting with Hurley's motion to strike Defendants' motions to dismiss.

### A. Motion to Strike (Doc. 17)

Hurley moves to strike Defendants' motions to dismiss because (a) Hurley did not receive the motions in the mail, and (b) Hurley contends that Defendants have an "undefendable position." Defendants filed their motions to dismiss on September 15, 2025, certifying that each motion was mailed to Hurley at his address of record. (*See* Docs. 11 & 12). The court then gave Hurley until on or before October 17, 2025, to respond to Defendants' motions. (Doc. 14). According to Hurley, he did not receive Defendants' motions in the mail but was able to meet the court's deadline by accessing Defendants' motions online. (Docs. 15, 16, 17).

The court finds that Defendants did not intentionally fail to serve Hurley with copies of their motions to dismiss, and Defendants have agreed to start emailing Hurley copies of their filings to ensure that he receives them, (doc. 21, p. 2 n.1). Plus, despite not receiving hard copies of Defendants' motions, Hurley managed to file his response briefs by the deadline. (Docs. 15 & 16). As for Hurley's argument that Defendants' motions take an "undefendable position," that is no reason to strike Defendants' motions. And as explained below, the court agrees with Defendants that Hurley's amended complaint doesn't satisfy the requirements of *Federal Rules of Civil Procedure* 8(a) and 10(b). Thus, the court **DENIES** Hurley's motion to strike (doc. 17) **AS MOOT**.

### B. Motions to Dismiss (Docs. 11 & 12)

Defendants move to dismiss Hurley's claims on several grounds. (*See* Docs. 11 & 12). The court agrees with Defendants that Hurley's complaint fails to comply with Rules 8 and 10's requirements, so the court needn't address Defendants' other grounds for dismissal.

*Federal Rule of Civil Procedure* 8(a)(2) requires that a complaint show in a short and plain statement that the pleader is entitled to relief. And Rule 10(b) states that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Hurley's complaint fails to meet these requirements for at least three reasons. First, Hurley alleges "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). For example, Claim #1 says that "Defendants have discriminated against plaintiff under the ADA," but does not explain which Defendants Hurley contends denied him reasonable accommodations, which Defendants harassed Hurley, and which Defendants were involved in Hurley's termination. And while Claim #2 alleges that "Defendants have caused great personal injury on plaintiff," it does not explain how each Defendants' acts led to Hurley's workplace injury.

Second, several of Hurley's claims seemingly combine multiple causes of action or claims for relief into a single claim. Claim #1 alleges both disability and race discrimination. And liberally construed, Claim #3 alleges unlawful termination for engaging in activity protected by the ADA, National Labor Relations Act, and OSHA.

Third and finally, it is unclear whether the "Charges" in Hurley's complaint are distinct claims that Hurley seeks to bring against Defendants or are simply meant to serve as the factual allegations that support Claims #1–6. If the charges are factual allegations and not new claims, many of the allegations Hurley makes in his charges don't appear relevant to Hurley's claims. So Hurley's charges include "immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322.

This type of pleading is improper because it fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. So the court will **GRANT** Defendants' motions to dismiss (docs. 11 & 12), **DISMISS** Hurley's amended complaint (doc. 5) **WITHOUT PREJUDICE**, and give Hurley **one final chance** to amend his complaint to comply with Rules 8(a) and 10(b)'s requirements. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) ("In the special circumstance of non-merits dismissals on shotgun pleading grounds, we have required district courts to sua sponte allow a litigant one chance to remedy such deficiencies.").

Should Hurley choose to file a second amended complaint, he **must** organize his complaint into these five sections:

*Section #1: Parties*: The first section of Hurley's complaint should list, in separately numbered paragraphs, ***all*** parties to this action. Any party not listed will not be considered part of this case.

This section should also include a brief description of Hurley and each Defendant. For example, Hurley could describe himself and Gorbel, Inc. this way:

> 1. Plaintiff James Hurley, Jr. is a citizen of Moody, Alabama who worked for Defendant Gorbel, Inc. from March 8, 2024, to September 18, 2024.
>
> 2. Defendant Gorbel, Inc. is a New York corporation. Plaintiff Hurley worked at Gorbel's Pell City, Alabama location from March 8, 2024, to September 18, 2024.

*Section #2: Jurisdiction*: The second section of Hurley's amended complaint should explain, in a short and plain statement, why this federal court has jurisdiction over the parties and subject matter of this case. *See* Fed. R. Civ. P. 8(a)(1).

*Section #3: Statement of Facts*: The next section of Hurley's amended complaint should describe the facts that Hurley contends are relevant to his claims. These facts should be listed "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). And Hurley should not include any facts that are irrelevant or immaterial to his claims. For example, if Hurley intends to bring a sexual harassment/hostile work environment claim, his statement of facts should describe the comments and conduct that he says constituted the sexual harassment. But if Hurley isn't bringing a sexual harassment claim, his statement of facts shouldn't include allegations of sexual harassment.

*Section #4: Counts*: Hurley should then divide his claims for relief into separate counts that contain "a short and plain statement" explaining why Hurley is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Each count must (a) explain which Defendant(s) that count is brought against, (b) explain which alleged facts are relevant to that count, and (c) not include multiple causes of actions or claims within the same count. So Claims #1 and #3 of Hurley's current complaint will need to be broken up into different counts. And to the extent that Hurley alleges that he was denied multiple, unrelated requests for reasonable accommodations, he will need to plead a separate count for each of these alleged discrete acts of discrimination.

Let's use Claim #1 as an example. Again, that claim alleges that "Defendants have discriminated against plaintiff under the ADA and racial reasons due to the fact plaintiff is interracially married" by refusing to make reasonable accommodations, harassing and retaliating against Hurley, up to and including termination, and denying Hurley's unemployment claim. (Doc. 5, p. 1). This claim should be broken into at least three counts. Count 1 should be limited to Hurley's claim that Defendants denied him reasonable accommodations in violation of the ADA. To prove this claim, Hurley will have to show that (1) he is disabled, (2) he is qualified to perform the essential functions of his job requirements, and (3) his employer failed to reasonably

accommodate his disability. *See Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001). Thus, within Count 1, Hurley should point to the facts that he says shows that he can meet these elements.

If Hurley intends to bring a race discrimination claim, he should make that claim Count 2. To succeed on this claim, Hurley will need to show that Defendants treated him adversely because of his interracial marriage. *See Parr v. Woodmen of the World Life Ins. Co.*, 791 F.2d 888 (11th Cir. 1986). So within this count, Hurley should explain which Defendants knew about his interracial marriage and which alleged actions he contends were taken because of his interracial marriage. Finally, if Hurley contends that Defendants unlawfully terminated his employment because of his disability, he should allege in Count 3 facts that show that he was a "qualified individual" who suffered an adverse employment action because of his disability. *See EEOC v. STME, LLC*, 938 F.3d 1305, 1314 (11th Cir. 2019). Hurley should follow this same process for each of the claims that he seeks to bring against Defendants.

*Section #5: Demand for Relief*: The final section of Hurley's amended complaint must describe the relief he seeks, including all alternate or different types of relief that he desires. *See* Fed. R. Civ. P. 8(a)(3). If Hurley so chooses, this section may mirror the "[r]eliefs and remedies sought by plaintiff" section of the current version of Hurley's complaint. (*See* Doc. 5, p. 4).

—

Hurley will have until on or before **September 29, 2026,** to file an amended complaint that complies with the court's requirements. Failure to file an amended complaint that follows the court's instructions **<u>will result</u>** in the court dismissing Hurley's complaint ***with prejudice***.

### C. Motion on Style of Proceedings (Doc. 22)

Hurley's motion on style of proceedings asks the court to have all proceedings in open court. According to Hurley, he wants in-person hearings because his medical condition makes it difficult for him to put things on paper, but he "still can speak and explain reasonably well." (Doc. 22, p. 2).

The court **DENIES** Hurley's motion on style of proceedings (doc. 22) **AS PREMATURE**. Before this case can move past the pleadings stage, Hurley must file an amended complaint that complies with the court's instructions on how to plead a complaint that meets the *Federal Rules of Civil Procedure*'s requirements. Once Hurley files his amended complaint, the court will give Defendants a chance to respond to Hurley's allegations in writing. The court will then determine whether it is necessary to hold a hearing on any motions that Defendants file in response to Hurley's second amended complaint.

**D. Motion for Preliminary Injunction (Doc. 26)**

The court finally turns to Hurley's motion for preliminary injunction (doc. 26). Hurley's motion asks the court to bar Defendants from retaliating against witnesses who testify in favor of Hurley. According to Hurley, these witnesses are in great fear of incurring the wrath of Gorbel and Reh if they testify against Defendants. "A preliminary injunction is appropriate only when the moving party can show that: (1) it has a substantial likelihood of success on the merits; (2) it will suffer irreparable injury unless an injunction issues; (3) this threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction would not be adverse to the public interest." *Honeyfund.com Inc. v. Governor*, 94 F.4th 1272, 1277 (11th Cir. 2024) (quotations omitted). The "[f]ailure to show any of the four factors is fatal." *ACLU of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009).

The court agrees with Defendants that Hurley has failed to show a substantial likelihood of success on the merits or that he will suffer irreparable injury if the court fails to grant his request for injunctive relief. As Defendants note, Hurley lacks standing to seek an injunction that prevents Defendants from retaliating against third parties. And Hurley has presented no evidence to support his assertion that Defendants will retaliate against those who support Hurley. Nor does Hurley identify who these witnesses are. Plus, "[a]n injury is 'irreparable' only if it cannot be undone through monetary remedies." *Ferrero v. Assoc. Materials Inc.*, 923 F.2d 1441, 1449 (11th Cir. 1991). And any Gorbel employee retaliated against for testifying in favor of Hurley's disability discrimination claims could likely recover monetary damages from Gorbel under the ADA.

To the extent that Hurley is concerned about witnesses not being willing to testify on his behalf during discovery, the court finds it premature to address those concerns at this stage of the proceedings. Should this case proceed past the pleading stage and get to discovery the court is confident that it can police how the parties treat witnesses without needing to grant the "extraordinary remedy" of preliminary injunctive relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The court thus **DENIES** Hurley's request for a preliminary injunction (doc. 26).

## CONCLUSION

For these reasons, the court **DENIES AS MOOT** Hurley's motion to strike (doc. 17) and **GRANTS** Defendants' motions to dismiss (docs. 11 & 12). The court **DENIES AS PREMATURE** Hurley's request that all proceedings be held in open court (doc. 22) and **DENIES** Hurley's motion for preliminary injunction (doc. 26). The court **DISMISSES** Hurley's amended complaint (doc. 5) **WITHOUT PREJUDICE**. Hurley has until on or before **September 29, 2026,** to amend his complaint to comply with the court's instructions. Failure to file an amended complaint that satisfies the *Federal Rules of Civil Procedure*'s requirements **will result** in the court dismissing Hurley's complaint ***with prejudice***.

**DONE** and **ORDERED** on September 8, 2026.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE